IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY T. LEWIS, *et al.* | : | |
| Plaintiffs. | : | Civil Action 2:08-cv-1042 |
| v. | : | Judge Marbley |
| LARRY J. McCLATCHEY, *et al.* | : | Magistrate Judge Abel |
| Defendants. | : | |

**ORDER**

This matter is before the Court pursuant to Plaintiffs' Objections (Doc. 6) to the Magistrate Judge's February 19, 2009 initial screening report and recommendation (Doc. 4). The Magistrate Judge recommended that this matter be dismissed for failure to state a claim upon which relief can be granted, and for lack of subject matter jurisdiction. The Court will now conduct a *de novo* determination of whether to adopt, reject, or modify the recommendations of the Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1).

Plaintiffs allege in their complaint that the Defendants, comprising, *inter alia*, a bankruptcy trustee, two real estate agencies, and a bank, engineered the fraudulent sale of real property in contravention of plaintiff Sidney Lewis' right of redemption and without the consent of his wife, plaintiff Yvonne Lewis. They allege that the defendants did this under the auspices of the bankruptcy court, by

improperly procuring the authority of the bankruptcy court to effect their plan. The complaint also alleges that Defendant Huntington National Bank is liable under the Federal Tort Claims Act for acts arising out of a transaction involving U.S. savings bonds.

The Magistrate Judge found that, in the first place, the defendant bank is not a federal agency or person acting on behalf of a federal agency, and thus could not be sued under the FTCA. Furthermore, the Magistrate Judge found that Plaintiff Sidney Lewis' claims regarding the sale of real estate have been previously litigated in this court, and are therefore barred by the doctrine of *res judicata*. The Court also noted that the Court lacks jurisdiction over Plaintiff Yvonne Lewis' claims regarding the sale of real estate, because she failed to timely appeal the relevant bankruptcy court order. The Magistrate Judge recommended that this action be dismissed under 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief can be granted, and for lack of jurisdiction.

### A.   Plaintiffs' Claims against Huntington National Bank

Plaintiff Sidney Lewis, sometimes in the company of other parties, has brought numerous actions against Huntington National Bank concerning the transaction to which he refers in his complaint. *See, e.g., Valencia Daniels, et al. v. State of Ohio, et al.*, 2:08-cv-016; *Sidney T. Lewis, et al. v. The Honorable Judge Michael Holbrook, et al.*, 2:08-cv-074; *Sidney T. Lewis, et al. v. North American Specialty Ins. Co., et al.*, 2:09-cv-179. This Court has repeatedly found that,

contrary to Plaintiff's repeated assertion, Huntington National Bank is not an agency of the United States Government, and is not, with respect to the Federal Tort Claims Act claims which Plaintiff articulates, a person acting on behalf of a federal agency. The Sixth Circuit Court of Appeals so held in its August 13, 2008 Order in Case No. 08-3357 (holding an appeal on the issue frivolous). The Magistrate Judge was therefore correct in recommending that the claims against Huntington be dismissed.

### B. Plaintiff Sidney Lewis' Claims Against Other Defendants

As the Magistrate Judge observed, Plaintiff Sidney Lewis has repeatedly brought suit on claims arising out of the sale of real estate once apparently belonging to him, and later sold by a bankruptcy trustee to another party (employing the assistance of real estate agents in doing so). These suits have generally attacked the trustee's authority to undertake such sale, and have claimed that the defendants conspired to violate Plaintiff Sidney Lewis' statutory right of redemption. This Court has repeatedly rejected such claims. *See, Sidney T. Lewis v. James E. Johnston, Jr.*, 2:08-1040 (S.D. Ohio, Jan. 21, 2009); *see also Sidney T. Lewis v. Larry McClatchey*, 2:08-075 (S.D. Ohio, Sept. 26, 2008). The Magistrate Judge correctly concluded that these claims have already been denied, that such denial is now *res judicata*, and that Plaintiff cannot bring suit yet again to relitigate the issue.

### C. Plaintiff Yvonne Lewis' Claims Against Other Defendants

Plaintiff Yvonne Lewis' claims are somewhat unclear, but appear generally similar to that of her husband. The Magistrate Judge concluded in the Report and Recommendation that the Court lacks jurisdiction over such claims. On September 28, 2008, the bankruptcy court issued an order denying Plaintiff Yvonne Lewis' motion to vacate its earlier order authorizing the sale of the real property in question. Pursuant to Fed. R. Bankr. Pro. 8002(a), a party seeking review of an order of the bankruptcy court must file notice of appeal with the Clerk of this Court within ten days of entry of the order. Plaintiffs filed this action on November 4, 2008, outside the time permitted by Bankruptcy Rule 8002(a). Plaintiff Yvonne Lewis' appeal was therefore not timely, and the Magistrate Judge was correct in concluding that the Court lacks jurisdiction over this claim as well.

### D. Conclusion

For the reasons set forth herein, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge. Because it finds that all claims set forth in this case are barred by law, it further hereby **ORDERS** that this matter be **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case and to terminate all pending motions herein.

<pre>                                        s/Algenon L. Marbley
                                        United States District Judge</pre>